UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN EDWARDS,<br><br>Plaintiff,<br><br>v.<br><br>D. CABRAL, et al.,<br><br>Defendants. | Case No. 1:13-cv-00345-AWI-MJS (PC)<br><br>ORDER DENYING PLAINTIFF'S REQUEST FOR DISCOVERY SUBPOENAS<br><br>(ECF NO. 36.)<br><br>ORDER DENYING, IN PART, AND GRANTING, IN PART, PLAINTIFF'S MOTIONS TO COMPEL<br><br>(ECF NOS. 37, 40, 43, 46.)<br><br>ORDER DENYING AS MOOT PLAINTIFF'S MOTION FOR DISPOSITION<br><br>(ECF NO. 53.)<br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR EXTENSION OF TIME<br><br>(ECF NO. 59.) |

I.  **PROCEDURAL HISTORY**

Plaintiff Steven Edwards is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.  This matter proceeds on an Eighth Amendment claim against Defendants Bratton, Cabral, Escorto, and Pascual.

1

Before the Court are Plaintiff's August 20, 2014 motion for discovery subpoenas (ECF No. 36.), Plaintiff's September 8, 2014 motions to compel discovery (ECF Nos. 37, 40, 43, 46.), Plaintiff's November 25, 2014 motion for disposition of the motions to compel (ECF No. 53.), and Plaintiff's motion for extension of time to respond to Defendants' motion for summary judgment (ECF No. 59.).  Defendants opposed the motion for discovery subpoenas and the motions to compel (ECF Nos. 50 & 51.), and Plaintiff replied to Defendants' opposition to the motions to compel (ECF No. 52.).  The motions are deemed submitted.  Local Rule 230(l).

## II.  DISCOVERY SUBPOENAS

Subject to certain requirements, Plaintiff is entitled to the issuance of a subpoena commanding the production of documents or electronically stored information relevant to his claim from a nonparty.  Fed. R. Civ. P. 34(c), 45.  However, the Court will consider granting such a request only if the documents or electronically stored information sought from the nonparty are not equally available to Plaintiff and are not obtainable from Defendant through a request for the production.  *See* Fed. R. Civ. P. 34, 45.  If Defendant objects to Plaintiff's discovery request, a motion to compel is the next required step.  Fed. R. Civ. P. 37(a).  If the Court rules that the documents or electronically stored information are discoverable but Defendant does not have care, custody, and control of them, Plaintiff may then seek a subpoena of a nonparty.  *See* Fed. R. Civ. P. 34, 45.  Alternatively, if the Court rules that the documents and electronically stored information are not discoverable, the inquiry ends.  The Court will not issue a subpoena for a nonparty individual without Plaintiff first following the procedure outlined above.

Here, the subpoenas are directed to Defendants, parties in the instant action, and appear to request documents that Plaintiff sought from Defendants through the discovery process.  Plaintiff now wishes to compel their production as he is unsatisfied with Defendants' responses to his requests.  As noted above, the next step is for Plaintiff to file a motion to compel, which he has done. That motion will be addressed below.  Plaintiff's motion for discovery subpoenas is therefore DENIED.

### III. MOTIONS TO COMPEL

#### A. Legal Standard

"The discovery process is subject to the overriding limitation of good faith." *Asea v. S. Pac. Transp. Co.*, 669 F.2d 1242, 1246 (9th Cir. 1981). "Parties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). The Court also may order discovery of any relevant matter with a showing of good cause. *Id.* Information is relevant if it "appears reasonably calculated to lead to the discovery of admissible evidence." *Id.* "In each instance, the determination whether . . . information is discoverable because it is relevant to the claims or defenses depends on the circumstances of the pending action." Fed. R. Civ. P. 26 advisory committee's note (2000 Amendment) (Subdivision (b)(1)).

Generally, if the responding party objects to a discovery request, the party moving to compel bears the burden of demonstrating why the objections are not justified. *Grabek v. Dickinson*, 2012 WL 113799, at *1 (E.D. Cal. Jan. 13, 2012); *Ellis v. Cambra*, 2008 WL 860523, at *4 (E.D. Cal. Mar. 27, 2008). The moving party "at a minimum . . . has the burden of informing the court which discovery requests are the subject of his motion to compel, which of the . . . responses are disputed, why . . . [the] responses are deficient, why the . . . objections are not justified, and why the information he seeks through discovery is relevant . . ." *Walker v. Karelas*, 2009 WL 3075575, at *1 (E.D. Cal. Sep. 21, 2009).

The Court must limit discovery if the burden of the proposed discovery "outweighs its likely benefit." Fed. R. Civ. P. 26(b)(2)(C)(iii).

#### B. Requests for Production

The requests and responses at issue and the Court's ruling on each are as follows:

**Request for Production No. 1:** Total work history of each and every defendant.

**Response:** Objection. The request is vague, ambiguous and overbroad as to the terms "total work history." The request is overbroad as to time. To the extent that this request includes personnel files of the Defendants, personnel-related files are subject to the qualified privilege of official information and a federal common law

3

privilege. *Sanchez v. City of Santa Ana,* 936 F.2d 1027, 1033-34 (9th Cir. 1991). Personnel files are also protected by the privacy rights of staff, including federal common law and applicable California statutes including Penal Code sections 832.7, 832.8, Government Code section 6254 and Civil Code sections 1798.24 and 1798.40 and California Code of Regulations Title 15, section 3400.  Personnel files also are protected under California Evidence Code section 1040, *et. seq.,* including section 1043. The request also seeks information that is deemed confidential under Cal. Code Regs. tit. 15, § 3321, the disclosure of which could: (1) endanger the safety of other inmates and staff of the CDCR, or (2) jeopardize the security of the institution. Additionally, the production of confidential information is improper on the grounds that an inmate shall not have access to information designated confidential. Cal. Code Regs. tit. 15, § 3370(d).

**Request for Production No. 1 (Amended):**  Total work history as to Any & All work related incidence Reports, or Complaints specifically about D. Cabral, R. Bratton, J. Escorto, and M. Pascual, causing Deliberate Indifference, Injuries, or Denial or delay of Medical Attention to Inmates or Staff, Any & All Complaints specifically about Training or Methods of Medical Care of Inmates, or Staff from January, 2010 Until December, 2013.

**Response:**  Objection. The request is vague, ambiguous and overbroad as to the terms "total work history." The request is overbroad as to tim~. The request is unduly burdensome and is not calculated to lead to the discovery of admissible evidence. To the extent that this request includes personnel files of the Defendants, personnel-related files are subject to the qualified privilege of official information and a federal common law privilege. *Sanchez v. City of Santa Ana,* 936 F.2d 1027, 1033-34 (9th Cir. 1991). Personnel files are also protected by the privacy rights of staff, including federal common law and applicable California statutes including Penal Code sections 832.7, 832.8, Government Code section 6254 and Civil Code sections 1798.24 and 1798.40 and California Code of Regulations Title, 15 section 3400. Personnel files also are protected under California Evidence Code section 1040, *et. seq.,* including section 1043. The request also seeks information that is deemed confidential under Cal. Code Regs. tit. 15, § 3321, the disclosure of which could: (1) endanger the safety of other inmates and staff of the CDCR, or (2) jeopardize the security of the institution. Additionally, the production of confidential information is improper on the grounds that an inmate shall not have access to information designated confidential. Cal. Code Regs. tit. 15, § 3370(d).

**Analysis and Ruling:**

Plaintiff argues that the documents are admissible as 404(b) evidence to prove Defendants' motive, knowledge, opportunity, and intent and are needed to put forth a proper defense.  He contends that his request is limited to the 602 health care staff complaints that are searchable by employee name and that the timeframe is limited to the period that records are kept by the Health Care Appeals Office.

Defendants argue the request is: 1) vague, ambiguous, and overbroad as to "total work history," 2) will not lead to admissible evidence, 3) personnel records are privileged, 4) is overbroad to the extent that it requests documents after the alleged incident, and 5) is overly burdensome because 602-HC forms are only tracked by inmate name, not staff name.

The motion to compel a response to this request is denied.  Plaintiff has not shown that the requested documents are likely to lead to the discovery of admissible evidence. *See Valenzuela v. Smith*, 2006 U.S. Dist. LEXIS 6078, *5-6 (E.D. Cal. Feb. 15, 2006) (request for all complaints and investigations against defendants to prove a pattern of medical indifference denied as overbroad and burdensome and for failure to show likelihood of leading to discoverable evidence).  Generally, evidence of a person's character is not admissible to prove they acted in conformity with that character on a particular occasion.  Fed. R. Evid. 404(a).  Plaintiff has not identified any exception that might apply.  Federal Rule of Evidence 404(b)(2), permitting an exception to the admissibility of evidence of other crimes or wrongful acts, is only applicable in criminal cases, and therefore does not apply to the instant action.  Fed. R. Evid. 404(b)(2).

**Request for Production No. 2:**  All disciplinary reports, complaints (602, 622, etc.), any and all write-ups submitted by inmates, staff, co-workers, and superiors on each and every defendant.

**Response:**  Objection. The request is vague, ambiguous and overbroad as to the terms "any and all write-ups." The request is overbroad as to time. The request further poses an undue burden, in that CDCR form 602 Inmate Parolee Appeal forms and CDCR form 622 Request for Interview forms are not indexed by the name of the Correctional Officer referred to on the form, requiring a search through every Central File for every inmate housed at the institution while Defendant was employed there. To the extent that this request includes personnel files of the Defendants, personnel-related files are subject to the qualified privilege of official information and a federal common law privilege. *Sanchez v. City of Santa Ana,* 936 F.2d 1027, 1033-34 (9th Cir. 1991). Personnel files are also protected by the privacy rights of staff, including federal common law and applicable California statutes including Penal Code sections 832.7, 832.8, Government Code section 6254 and Civil Code sections 1798.24 and 1798.40 and California Code of Regulations Title, 15 section 3400. Personnel files also are protected under California Evidence Code section 1040, *et. seq.,* including section 1043. The request also seeks information that is deemed confidential under Cal. Code Regs. tit. 15, § 3321, the disclosure of

which could: (1) endanger the safety of other inmates and staff of the CDCR, or (2) jeopardize the security of the institution. Additionally, the production of confidential information is improper on the grounds that an inmate shall not have access to information designated confidential. Cal. Code Regs. tit. 15, § 3370(d). The request further violates Federal Rule of Evidence 404 and is not calculated to lead to the discovery of admissible evidence.

**Request for Production No. 2 (Amended):** Any & All Disciplinary Report, Complaints specifically 602(s), G22(s), etc., Any & All Write-ups (Specifically about the treatment, and medical Conduct to Inmates) Submitted by inmates, Staff, Co-Workers, Superiors, on defendants D. Cabral, R. Bratton, J. Escorto, and M. Pascual from January, 2010 Until December, 2013 (the Complaints written by Inmates are important and significant to the showing of Plaintiff case as to defendants).

**Response:** Objection. The request is overbroad as to time. The request is unduly burdensome and is not calculated to lead to the discovery of admissible evidence. To the extent that this request includes personnel files of the Defendants, personnel-related files are subject to the qualified privilege of official information and a federal common law privilege. *Sanchez v. City of Santa Ana,* 936 F.2d 1027, 1033-34 (9th Cir. 1991). Personnel files are also protected by the privacy rights of staff, including federal common law and applicable California statutes including Penal Code sections 832.7, 832.8, Government Code section 6254 and Civil Code sections 1798.24 and 1798.40 and California Code of Regulations Title, 15 section 3400. Personnel files also are protected under California Evidence Code section 1040, *et. seq.,* including section 1043. The request also seeks information that is deemed confidential under Cal. Code Regs. tit. 15, § 3321, the disclosure of which could: (1) endanger the safety of other inmates and staff of the CDCR, or (2) jeopardize the security of the institution. Additionally, the production of confidential information is improper on the grounds that an inmate shall not have access to information designated confidential. Cal. Code Regs. tit. 15, § 3370(d).

**Analysis and Ruling:**

The parties assert the same arguments in support of their respective positions as they did with Plaintiff's Request for Production No. 1.  The Court adopts the same reasoning set forth above to sustain Defendants' objection as to discoverability.

**Request for Production No. 3:** All days worked from May 1, 2012 through September 30, 2012.

**Response:** Objection. The request is vague, ambiguous and overbroad as to the terms "all days worked." The request is overbroad as to time. To the extent that this request includes personnel files of the Defendants, personnel-related files are subject to the qualified privilege of official information and a federal common law privilege. *Sanchez·v. City of Santa Ana,* 936 F.2d 1027, 1033-34 (9th Cir. 1991). Personnel files are also protected by the privacy rights of staff, including federal common law and applicable California statutes including Penal Code sections 832.7,

832.8, Government Code section 6254 and Civil Code sections 1798.24 and 1798.40 and California Code of Regulations Title, 15 section 3400. Personnel files also are protected under California Evidence Code section 1040, *et. seq.* including section 1043. The request also seeks information that is deemed confidential under Cal. Code Regs. tit. 15, § 3321, the disclosure of which could: (1) endanger the safety of other inmates and staff of the CDCR, or (2) jeopardize the security of the institution. Additionally, the production of confidential information is improper on the grounds that an inmate shall not have access to information designated confidential. Cal. Code Regs. tit. 15, § 3370(d).

**Request for Production No. 3 (Amended):** All days worked from May 1, 2012 Through September 30, 2012, (Days that show on time Cards and sign-in and sign-out log sheets).

**Response:** Objection. The request is vague, ambiguous and overbroad as to the terms "any and all" and "specifically memorialize." This request violates the qualified privilege of official information and a federal common law privilege. *Sanchez v. City of Santa Ana,* 936 F.2d 1027, 1033-34 (9th Cir. 1991). The request also seeks information that is deemed confidential under Cal. Code Regs. tit. 15, § 3321, the disclosure of which could: (1) endanger the safety of other inmates and staff of the CDCR, or (2) jeopardize the security of the institution. Additionally, the production of confidential information is improper on the grounds that an inmate shall not have access to information designated confidential. Cal. Code Regs. tit. 15, § 3370(d). To the extent that this request includes personnel files of the Defendants, personnel-related files are subject to the qualified privilege of official information and a federal common law privilege. *Sanchez v. City of Santa Ana,* 93 6 F .2d 1027, 1033-34 (9th Cir. 1991). Personnel files are also protected by the privacy rights of staff, including federal common law and applicable California statutes including Penal Code sections 832.7, 832.8, Government Code section 6254 and Civil Code sections 1798.24 and 1798.40 and California Code of Regulations Title, 15 section 3400. Personnel files also are protected under California Evidence Code section 1040, *et. seq.,* including section 1043.

**Analysis and Ruling:**

Plaintiff argues that the sign in and out sheets are needed to prove that Defendants were working at Pleasant Valley State Prison during the dates that he alleged they committed medical indifference. He has received such documents from the Attorney General's office in other cases (attaching an example to his reply as Exhibit C). Additionally, he contends that CDCR Form 998, which Defendants' state contains the requested information, "will not have any effect at proving anything." (ECF No. 52 at 9.)

Defendants argue the request is vague, ambiguous, and overbroad as to "all days worked" and "sign in's and out sheets," and Defendants' personnel records are privileged.

However, they agree to produce CDCR Form 998 for each Defendant, which contains the days and hours worked from July 17-21, 2012 (the dates relevant to Plaintiff's claim).

Plaintiff's contention that the CDCR form does not contain the requested information is unsupported. He should have attached the form and indicated how it is deficient. *See Walker*, 2009 WL 3075575, at *1.

> **Request for Production No. 4:** All written Statements, originals or copies, video Tape(s) (sub-evidence locker #40 bruises, marks, O.C. sprayed eyes, interview at Pleasant Valley State Prison), Identifiable as reported about the Incident on July 17, 2012, through September 30, 2012, made by prison Doctor, RN' s, LVN' s, LPT' s, any and All medical staff, Optometrist, opthomologist, Civilian employees, or the Department of Corrections (CDCR) and prisoner Witnesses, as to Defendants D. Cabral, R. Bratton, J. Escorto, and M. Pascual**.**
>
> **Response:** Objection. The request is vague, ambiguous and overbroad as to the terms "sub-evidence locker #40 bruises, marks, O.C. sprayed eyes, interview at Pleasant Valley State Prison," and "on each and every defendant." The request is overbroad as to time. To the extent that this request includes personnel files of the Defendants, personnel-related files are subject to the qualified privilege of official information and a federal common law privilege. *Sanchez v. City of Santa Ana,* 936 F.2d 1027, 1033-34 (9th Cir. 1991). Personnel files are also protected by the privacy rights of staff, including federal common law and applicable California statutes including Penal Code sections 832.7, 832.8, Government Code section 6254 and Civil Code sections 1798.24 and 1798.40 and California Code of Regulations Title, 15 section 3400. Personnel files also are protected under California Evidence Code section 1040, *et. seq.* including section 1043. The request also seeks information that is deemed confidential under Cal. Code Regs. tit. 15, § 3321, the disclosure of which could: (1) endanger the safety of other inmates and staff of the CDCR, or (2) jeopardize the security of the institution. Additionally, the production of confidential information is improper on the grounds that an inmate shall not have access to information designated confidential. Cal. Code Regs. tit. 15, § 3370(d). Without waiving these objections, the responding party has access to a CDCR 837 Incident Report concerning the incident of July 17, 2012, at Pleasant Valley State Prison which is the subject of this action which will be produced.

**Analysis and Ruling:**

Plaintiff argues that the documents are needed to prove he had medical needs that Defendants knew of and failed to meet. He agrees that he received his medical records from July 17 – 21, 2012. However, he asserts those records are deficient because he received medical treatment through September 30, 2012, the records do not contain the

information from the doctor and ophthalmologist that treated him, and he has not received the video.

Defendants argue Plaintiff previously agreed at his deposition that he has the medical records and that the video was played for him at this deposition.

Defendants' objection is overruled, in part. Plaintiff is entitled to receive medical records pertaining to his injuries through September 30, 2012. He is also entitled to the records from the doctor and ophthalmologist who treated him. However, Plaintiff is not entitled to a copy of the video. As Plaintiff concedes, prisoners are not allowed to possess diskettes. (ECF No. 52 at 15-16.) Should Plaintiff need to review the video again, Defendants should make it reasonably available to him.

> **Request for Production No. 5:** Any All Rules, regulations, and policies of California Department of Corrections and rehabilitation, health Care Service about the Treatment of a prisoner with O.C. Spray in eyes with Glaucoma.
>
> **Response:** Objection. The request is vague, ambiguous and overbroad as to the terms "treatment of prisoner with O.C. (Oleoresin Capsicum) spray in eyes with glaucoma." The request is overbroad as to time. Without waiving these objections, the responding party has access to documents responsive to this request, which will be produced.

**Analysis and Ruling:**

Plaintiff argues that the documents are needed to prove Defendants violated rules, regulations, and policies in treating him.

Defendants contend the request is overbroad as to time, ambiguous, and irrelevant because violation of CDCR policy does not give rise to a constitutional claim. However, they provided Plaintiff with the regulations in effect as of July 17, 2012, relating to the decontamination of inmates exposed to oleoresin capsicum pepper spray.

Given Defendants produced the documents, Plaintiff's motion is denied as moot.

> **Request for Production No. 6:** All sign in's and out sheets for Pleasant Valley State Prison D-Yard Building D-4 Administrative Segregation Unit (A.S.U.) from July 1, 2012 through August 30, 2012 on each and every defendant.
>
> **Response:** Objection. The request is vague, ambiguous and overbroad as to the terms "sign in's and out sheets" on each and every defendant." The request is

overbroad as to time. This request violates the qualified privilege of official information and a federal common law privilege. *Sanchez v. City of Santa Ana,* 936 F.2d 1027, 1033-34 (9th Cir. 1991). The request also seeks information that is deemed confidential under Cal. Code Regs. tit. 15, § 3321, the disclosure of which could: (1) endanger the safety of other inmates and staff of the CDCR, or (2) jeopardize the security of the institution. Additionally, the production of confidential information is improper on the grounds that an inmate shall not have access to information designated confidential. Cal. Code Regs. tit. 15, § 3370(d).

**Request for Production No. 6 (Amended):** All sign in's or out sheets Specifically for pleasant Valley State Prison, D-Yard, D-4 (Building D-4), Administrative Segregation unit (A.S.U.), and A-Yard Medical Clinic, Time Cards of each Defendant Specifically for July 17, 18, 19, 20, 21, of 2012, Specifically from Pleasant Valley State prison dated and signed by, D. Cabral, R, Bratton, J. Escorto, M. Pascual.[1]

**Response:** Objection. The request is vague, ambiguous and overbroad as to the terms "sign in's and out sheets" and "on defendant. To the extent that this request includes personnel files of the Defendants, personnel-related files are subject to the qualified privilege of official information and a federal common law privilege. *Sanchez v. City of Santa Ana,* 936 F.2d 1027, 1033-34 (9th Cir. 1991). Personnel files are also protected by the privacy rights of staff, including federal common law and applicable California statutes including Penal Code sections 832.7, 832.8, Government Code section 6254 and Civil Code sections 1798.24 and 1798.40 and California Code of Regulations Title, 15 section 3400. Personnel files also are protected under California Evidence Code section 1040, *et. seq.*, including section 1043. The request also seeks information that is deemed confidential under Cal. Code Regs. tit. 15, § 3321, the disclosure of which could: (1) endanger the safety of other inmates and staff of the CDCR, or (2) jeopardize the security of the institution. Additionally, the production of confidential information is improper on the grounds that an inmate shall not have access to information designated confidential. Cal. Code Regs. tit. 15, § 3370(d).

**Analysis and Ruling:**

Plaintiff argues that the documents are needed to prove Defendants worked in the D-4 building at Pleasant Valley State Prison on the given dates. In response to Defendants' objection based on security concerns, Plaintiff contends he is not looking to harm any of the staff or gain insight into the layout of the prison.

Defendants contend that the information is confidential and jeopardizes the security of the prison as it could be utilized to plan an incident in the Administrative Segregation

---

[1] In Plaintiff's motion to compel, he provides his original request and does not include this amended version. (ECF Nos. 37, 40, 43, 46.). The amended language does not change the Court's ruling.

Unit. Additionally, they contend CDCR Form 998 sufficiently provides Plaintiff with the hours each Defendant worked on the given dates.

As with Request for Production No. 3, Plaintiff's contention that the CDCR Form does not contain the requested information is unsupported. Plaintiff should have attached the form to his motion and indicated how it is deficient. *See Walker*, 2009 WL 3075575, at *1.

**Request for Production No. 7:** The daily assignment sheet on each and every defendant as to day to day responsibilities.

**Response:** Objection. The request is vague, ambiguous and overbroad as to the terms "daily assignment sheet" and "day to day responsibilities." The request is overbroad as to time. The request violates the qualified privilege of official information and a federal common law privilege. *Sanchez v. City of Santa Ana,* 936 F.2d 1027, 1033-34 (9th Cir. 1991). The request also seeks information that is deemed confidential under Cal. Code Regs. tit. 15, § 3321, the disclosure of which could: (1) endanger the safety of other inmates and staff of the CDCR, or (2) jeopardize the security of the institution. Additionally, the production of confidential information is improper on the grounds that an inmate shall not have access to information designated confidential. Cal. Code Regs. tit. 15, § 3370(d).

**Request for Production No. 7 (Amended):** The Daily Assignment Sheets Specifically for D-yard D-4, (A.S.U.), at Pleasant Valley State Prison for July 17, 18, 19, 20, 21, of 2012, on D. Cabral, R. Bratton, J. Escorto, M. Pascual, as to day to day responsibilities, Signed and dated by Defendants.[2]

**Response:** Objection. The request is vague, ambiguous and overbroad as to the terms "daily assignment sheet" and "day to day responsibilities." The request is overbroad as to time. The request violates the qualified privilege of official information and a federal common law privilege. *Sanchez v. City of Santa Ana,* 936 F.2d 1027, 1033-34 (9th Cir. 1991). The request also seeks information that is deemed confidential under Cal. Code Regs. tit. 15, § 3321, the disclosure of which could: (1) endanger the safety of other inmates and staff of the CDCR, or (2) jeopardize the security of the institution. Additionally, the production of confidential information is improper on the grounds that an inmate shall not have access to information designated confidential. Cal. Code Regs. tit. 15, § 3370(d).

**Analysis and Ruling:**

Plaintiff argues that the documents are needed to prove Defendants' access to him and knowledge of his injuries.

---

[2] In Plaintiff's motion to compel, he provides his original request and does not include this amended version. (ECF Nos. 37, 40, 43, 46.). The amended language does not change the Court's ruling.

Defendants argue 1) the terms "daily assignment sheet" and "day to day responsibilities" are vague; 2) to the extent that the request includes Post Orders, it is prohibited by confidentiality concerns; 3) and CDCR does not maintain "daily assignment sheets" for its employees.  Defendant Pascual has produced her "RN Closeout" sheet, documenting which patients were examined by her office, and Defendants agree to produce their Duty Statements.

Defendants' objection is sustained.  Defendants do not possess or keep "daily assignment sheets."  (ECF No. 51 at 17.)  Defendants cannot produce what they do not have.  They agree to provide non-confidential documents that contain the requested information.

> **Request for Production No. 8:**  Rules and obligations as to each and every defendant's training.
>
> **Response:**  Objection. The request is vague, ambiguous and overbroad as to the terms "rules and obligations" and "every defendant's training." The request is overbroad as to time. To the extent that this request includes personnel files of the Defendants, personnel-related files are subject to the qualified privilege of official information and a federal common law privilege. *Sanchez v. City of Santa Ana,* 936 F.2d 1027, 1033-34 (9th Cir. 1991). Personnel files are also protected by the privacy rights of staff, including federal common law and applicable California statutes including Penal Code sections 832.7, 832.8, Government Code section 6254 and Civil Code sections 1798.24 and 1798.40 and California Code of Regulations Title, 15 section 3400. Personnel files also are protected under California Evidence Code section 1040, *et. seq.,* including section 1043. The request also seeks information that is deemed confidential under Cal. Code Regs. tit. 15, § 3321, the disclosure of which could: (1) endanger the safety of other inmates and staff of the CDCR, or (2) jeopardize the security of the institution. Additionally, the production of confidential information is improper on the grounds that an inmate shall not have access to information designated confidential. Cal. Code Regs. tit. 15, § 3370(d).
>
> **Request for Production No. 8 (Amended):**  Specific Rules, Obligations, and Training received by D. Cabral, R. Bratton, J. Escorto, M. Pascual, as, RN's, L VN's, LPT's (How they treat.inmates for medical issues with O.C. spray in eye(s), Counseling, Passing out Medication, How to Decontaminate an inmate whom been hit with O.C. Spray etc.)[3]

---

[3] In Plaintiff's motions to compel, his request is stated as follows:  "Rules and Regulations as to the Defendants D. Cabral, R. Bratton, J. Escorto, M. Pascual, Training as to working for CDCR as a, RN, LPT, LVN."  (ECF Nos. 37, 40, 43, 46.).  This language does not change the Court's ruling.

12

**Response:** Objection. The request is vague and ambiguous as to the terms "specific rules, obligations, and training," "how they treat inmates for medical issues," and "counseling." Without waiving these objections, the responding party has access to documents responsive to this request, copies of which are attached as Exhibit B.

**Analysis and Ruling:**

Plaintiff argues that 1) the documents are needed to prove Defendants did/did not have proper training to deal with inmates, 2) Plaintiff's use of the documents to plan an incident is an unsupported assumption, 3) Defendants do not have standing to refuse release of the documents, and 4) Defendants "should not have a problem releasing the document[s]" if they do not give rise to a constitutional claim. (ECF No. 52 at 15.)

Defendants argue that the training materials are 1) confidential because they could lead to an inmate planning an incident to occur during decontamination, which would jeopardize the security of the prison; 2) irrelevant because failure to follow their training protocols does not give rise to a constitutional claim; and 3) the request is vague, ambiguous, and overbroad as to the terms "how they treat inmates for medical issues" and "counseling." Defendants also maintain that they complied with the request by providing the rules and regulations in effect as of July 17, 2012, relating to the decontamination of inmates exposed to oleoresin capsicum pepper spray.

Defendants' objection is sustained. The training manuals are irrelevant. Plaintiff states a medical indifference claim against Defendants. It does not require proof of proper or inadequate training. Plaintiff has received documents indicating the proper protocol in using oleoresin capsicum pepper spray and decontaminating inmates exposed to it.

**Request for Production No. 9:** That Plaintiff be afforded the photograph copies (color not black and white) of video tape of bruises, swollen red eyes, etc. that was taken in A-yard Program Office on July 17, 2012 by Sgt. Motta, and D. Deniz (C/O) that relates to this matter.

**Response:** Objection. The request also seeks information that is deemed confidential under Cal. Code Regs. tit. 15, § 3321, the disclosure of which could: (1) endanger the safety of other inmates and staff of the CDCR, or (2) jeopardize the security of the institution. Additionally, the production of confidential information is improper on the grounds that an inmate shall not have access to information designated confidential. Cal. Code Regs. tit. 15, § 3370(d). Without waiving this

objection, Defendant has access to a use of force video taken prepared on July 17, 2012 and will provide Plaintiff with an opportunity to view this video tape.

**Request for Production No. 9 (Amended):**  Plaintiff be afforded Specifically Photographic copies of plaintiff's documented bruises, shoulder, swollen red eyes etc., Specifically in color that was taken on A-Yard Program Office, with digital camera on July 17, 2012, as related to this matter.[4]

**Response:**  Objection. The request seeks information that is deemed confidential under Cal. Code Regs. tit. 15, § 3321, the disclosure of which could: (1) endanger the safety of other inmates and staff of the CDCR, or (2) jeopardize the security of the institution. Additionally, the production of confidential information is improper on the grounds that an inmate shall not have access to information designated confidential. Cal. Code Regs. tit. 15, § 3370(d).  Without waiving these objections, the responding parties have access to a video interview of Plaintiff, dated July 17, 2012, which is confidential, but which was shown to Plaintiff on March 21, 2014.

**Analysis and Ruling:**

Plaintiff argues these documents are needed to prove his injuries were not documented by Defendants.  Plaintiff concedes that he is not allowed to possess a diskette, which is the only available form of producing the video, but requests color photographs of his injuries instead.

Defendants contend they complied with the request by playing a copy of the video for Plaintiff at his deposition.

It is unclear from the parties' submissions whether photographs of Plaintiff's injuries exist.  Defendants' objection is limited to the production of a video, which was previously addressed under Request for Production No. 4, and does not appear to be what Plaintiff is requesting here.  To the extent that photographs of Plaintiff's injuries exist, Defendants should produce them or object accordingly.

**IV.   MOTION FOR DISPOSITION**

As this order addresses the disposition of Plaintiff's motions to compel, Plaintiff's separate motion for same is denied as moot.  (ECF No. 53.)

---

[4] In Plaintiff's motion to compel, his request is stated as follows:  "Photograph copies (color not balck & white) of bruises, swollen red eyes, etc., taken on digital camera in A-Yard Program Office by Sgt. Motta, and C.O. D. Deniz the 17 of July, 2012." (ECF Nos. 37, 40, 43, 46.).  This language does not change the Court's ruling.

## V. MOTION FOR EXTENSION OF TIME

On January 8, 2015, Plaintiff filed a motion seeking 30 to 45 days to respond to Defendants' motion for summary judgment. (ECF No. 59.) Subsequently, Plaintiff filed an opposition to the motion for summary judgment (ECF No. 60.) and an amended opposition (ECF No. 61.). To the extent that Plaintiff wishes to file one more amended opposition after receiving the documents in response to his Requests for Production Nos. 4 and 9, he will be granted leave to do so.

## VI. ORDER

Accordingly, for the reasons stated, it is HEREBY ORDERED that:

1. Plaintiff's motion for discovery subpoenas is DENIED.
2. Plaintiff's motions to compel are GRANTED, in part, and DENIED, in part. Defendants shall produce responses to requests 4 and 9 or provide a further response supporting objections, within twenty (20) days of service of this Order.
3. Plaintiff's motion for disposition is DENIED as moot.
4. Plaintiff's motion of extension of time is GRANTED. Plaintiff has until **March 27, 2015** to file a supplemental opposition, if any, to Defendants' motion for summary judgment. Defendants to file a reply by **April 3, 2015**.

IT IS SO ORDERED.

Dated:   January 27, 2015           /s/ *Michael J. Seng*
                                    UNITED STATES MAGISTRATE JUDGE