UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN R. EDWARDS,<br><br>      Plaintiff,<br><br>    vs.<br><br>R. BRATTON and<br><br>D. CABRAL,<br><br>      Defendants. | 1:13-cv-00345-EPG-PC<br><br>ORDER FOLLOWING TELEPHONIC <u>HEARING HELD ON APRIL 5, 2016</u><br><br>ORDER ADDRESSING MOTIONS IN LIMINE AND OTHER PENDING MOTIONS<br>(ECF Nos. 97, 100, 103, 104, 107, 112, 113.)<br><br>**Jury Trial**:  May 3, 2016 at 8:30 a.m.<br>               Courtroom 10 (EPG) |

**I.    BACKGROUND**

This civil rights action, brought pursuant to 42 U.S.C. § 1983, proceeds on the initial Complaint filed *pro se* by state prisoner Steven R. Edwards ("Plaintiff") on March 11, 2013, against defendants R. Bratton (LVN) and D. Cabral (Psychiatric Technician) (collectively, "Defendants"), for inadequate medical care in violation of the Eighth Amendment.[1] (ECF No. 1.) This case is presently set for trial on May 3, 2016 at 8:30 a.m.

---

[1] On June 12, 2013 and June 13, 2013, Plaintiff filed notices of his willingness to proceed only against defendants Bratton, Cabral, Escorto, and Pascual, for deliberate indifference to his medical needs. (ECF Nos. 9, 11.) On July 17, 2015, summary judgment was granted to defendants Escorto and Pascual. (ECF No. 73.) On March 17, 2016, the Court's pretrial order dismissed all other claims and defendants from this action. (ECF No. 102 at 2 n.1.)  Therefore, this case now proceeds only against defendants Bratton and Cabral for deliberate indifference to Plaintiff's medical needs.

The parties to this action have consented to the jurisdiction of a Magistrate Judge pursuant to 28 U.S.C. § 636(c).  (ECF Nos. 77, 83.)  Therefore, Magistrate Judge Erica P. Grosjean shall conduct any and all further proceedings in the case, including trial and entry of final judgment.

## II.   APRIL 5, 2016 TELEPHONIC MOTIONS IN LIMINE HEARING

On April 5, 2016 at 10:00 a.m., a telephonic hearing was held before Magistrate Judge Erica P. Grosjean to hear the parties' motions *in limine* and other pending motions.[2]  Plaintiff appeared telephonically on his own behalf, and Deputy California Attorney General R. Lawrence Bragg appeared telephonically on behalf of Defendants.

### A.   **Defendants' Motions In Limine**

#### 1.   **Motion to Exclude Plaintiff's Expert Witnesses**

Defendants seek to exclude Plaintiff's expert witnesses at trial because Plaintiff has not complied with Rule 26(a)(2), which requires disclosure of expert witnesses, and it is too late for him to do so.  In the alternative, Defendants request the Court to limit testimony of any of Plaintiff's experts to opinions shown to have been formed in the course of their treatment of Plaintiff.

Rule 26(a)(2) of the Federal Rules of Civil Procedure requires a party to "disclose to the other parties the identity of any [expert] witness it may use at trial to present evidence" and "must make these disclosures at the times and in the sequence that the court orders [or] absent a stipulation or a court order, . . at least 90 days before the date set for trial or for the case to be ready for trial."  Fed. R. Civ P. 26(a)(2)(A),(D).

Defendants' motion *in limine* is granted.  Here, Plaintiff listed only three witnesses in his pretrial statement, inmates Hussein Ali, Van-Albert Siegrist, and Thomas Fouquet, none which are expert witnesses.  Plaintiff conceded that he that he did not disclose any expert

---

[2] On February 22, 2016, March 18, 2016, and March 28, 2016, Plaintiff filed motions *in limine* (ECF Nos. 97, 103, 113), and on March 9, 2016, Defendants filed motions *in limine* (ECF No. 100).  On March 18, 2016, and March 28, 2016, Plaintiff filed motions for the issuance of a subpoena compelling Dr. Berard's attendance at trial.  (ECF Nos. 104, 112.)  On March 21, 2016, Plaintiff filed a motion to compel production of a video recording.  (ECF No. 107.)

witnesses but says that he did ask the Court to appoint an impartial expert for both parties to use. Plaintiff wants Dr. Berard to be a witness, but only for what he saw, did, and prescribed for Plaintiff.

Given the Plaintiff did not disclose any expert witnesses under Rule 26(a)(2), this motion *in limine* is granted. Plaintiff's request for a Court-appointed expert to be used by all parties is denied as untimely, and because an expert is not necessary to ensure accurate factfinding by the Court on the issues in this case, which concern whether Defendants were deliberately indifferent to Plaintiff's serious medical needs and whether Plaintiff was injured.

## 2. Motion Limiting Plaintiff's Testimony

Defendants seek to preclude testimony by Plaintiff under Rule 701 about his opinions or inferences referring to causation, diagnosis, or the nature and extent of his injuries. Defendants also seek to preclude testimony by Plaintiff offering opinions or inferences based on any medical records.

Rule 701 of the Federal Rules of Evidence provides:

> If a witness is not testifying as an expert, testimony in the form of an opinion is limited to one that is:
>
> **(a)** rationally based on the witness's perception;
>
> **(b)** helpful to clearly understanding the witness's testimony or to determining a fact in issue; and
>
> **(c)** not based on scientific, technical, or other specialized knowledge within the scope of Rule 702.

Fed. R. Evid. 701.

Defendants' motion *in limine* is granted in part and denied in part. The Court shall determine the admissibility of Plaintiff's medical testimony at trial on a question by question basis, evaluated under Rule 701. Plaintiff may testify about what he felt, the extent of any injuries, and any opinions about causation based on his personal observation and perception. However, Plaintiff is not permitted to give scientific or medical opinions or interpret medical records that require expert testimony or specialized knowledge within the scope of Rule 702. Plaintiff may testify about the causation of injuries as shown by what happened to him after the

incident. In closing arguments, Plaintiff may discuss his injuries as they relate to his request for damages. Plaintiff is permitted to cross-examine Defendants' expert witness. Plaintiff may discuss past incidents when he was sprayed with pepper spray, and what treatment he received for the effects of pepper spray. This does not open up the question of why Plaintiff was pepper sprayed in the past. Plaintiff is not precluded from making an argument that delay caused his eye injuries.

### 3.     Motion to Exclude Plaintiff's Presentation of Medical Records

Defendants object to Plaintiff submitting his medical records as evidence, on grounds of lack of foundation, irrelevance, and inadmissible hearsay. Defendants argue that Plaintiff cannot provide a proper foundation because he lacks personal knowledge of the content of the records, and if he cannot lay a foundation, the evidence is not relevant to the issues in the case. Defendants also argue that the medical records contain medical opinions, which can only be offered by a medical expert. In addition, Defendants argue that reading the medical records will confuse the jury, who will render conclusions not based on scientific knowledge or fact.

Plaintiff asserts that he intends the medical records to speak only to where he was, who he saw, on what day, what was done, and what he received. Plaintiff argues that the jury should be allowed to see the medical records and ask their own questions.

The Court overruled Defendants' lack of foundation objection. Plaintiff may testify about his medical records with the foundation that they are his medical records, and the records themselves concern information given through medical assessment. The Court also overruled Defendants' objections on the basis of relevance and hearsay, ruling that the medical records fall under the hearsay exception in Rule 803(6) for records of regularly conducted activity.

### 4.     Motion to Limit Questions Concerning Personnel Matters, Prior Complaints About Job Performance, and Prior Disciplinary Issues Related to Defendants

Defendants seek to preclude Plaintiff from questioning them about any matters in their personnel records, because California law provides for confidentiality of peace officer personnel records. Defendants argue that while federal law is controlling, state law is relevant where one of the elements of the federal claim is that the actor was acting under color of state

law, and the official information privilege used in federal court is consistent with California statutes. Defendants also argue that other inmates' complaints against Defendants are irrelevant to Plaintiff's claims, and character evidence is not admissible, would be misleading, and would be unfairly prejudicial under Rule 403.

Plaintiff argues that medical personnel do not have the same privileges as peace officers, and Plaintiff asserts that he is not seeking personal information. Plaintiff only seeks to ask whether allegations of medical claims have ever been filed against them.

Rule 404(b)(1) of the Federal Rules of Evidence provides:

> Evidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character.

This motion *in limine* is granted. Under Rule 404(b), Plaintiff may not use evidence of past bad acts by Defendants to prove that those past acts show that Defendants are more likely to act in the same way.

### 5. Motion to Preclude Evidence of Defendants' Financial Condition Until and Unless the Trier of Fact Determines that Punitive Damages are Appropriate

Defendants seek to bifurcate the trial on the issue of punitive damages, and assert that under federal law, Defendants bear the burden of proving financial worth when arguing in mitigation of damages. Defendants argue that it is unfair to require Defendants to choose between divulging their personal assets to an inmate and properly defending themselves. Defendants argue that they should be permitted to reserve testimony as to their financial worth until after any entitlement to punitive damages has been established.

Plaintiff asserts that the matter of bifurcation was already decided at the February 18, 2016 hearing on Judge Grosjean.[3]

This motion *in limine* is granted. The trial shall be bifurcated on the issue of the amount of punitive damages, if any. Evidence of Defendants' financial condition in the initial part of

---

[3] In fact, the Court made a tentative ruling at the February 18, 2016 hearing to separate the punitive damages phase from the trial, and Defendants were advised to bring this issue in a motion *in limine*. (ECF No. 102 at 23 ¶XV.)

the trial is not relevant and would be more prejudicial than probative under Rule 403. The amount of punitive damages, if any, is a question for the second part of the trial.

### B. **Plaintiff's Motions in Limine**

#### 1. **Motion to Suppress Evidence of Circumstances of Plaintiff's Incarceration**

Plaintiff seeks to exclude evidence of circumstances of his incarceration, arguing that his criminal record has no relevance to this Court proceeding, lacks foundation, is unfairly prejudicial, and lacks any probative value. Such evidence includes abstracts of judgment representing Plaintiff's and his inmate witnesses' felony convictions and sentences, crime incident reports, 115 Rules Violation Reports, transcripts of Plaintiff's deposition and discovery responses provided in Plaintiff's other case 1:13-cv-1013-SAB-PC (Edwards v. Desfosses), referral of the incident to the District Attorney's office on December 14, 2012, and photos of Building A-2 where the staff assault incident occurred.

Defendants argue that under Rule 609, evidence of felony convictions are admissible to attack a witness's character for truthfulness. This evidence includes the essential facts of the conviction, such as the statutory name of each offense, the date of conviction, and the sentence imposed. Defendants assert that they do not plan to present evidence of the circumstances of the crimes.

With respect to the incident report Plaintiff seeks to exclude, Defendants assert that it contains a statement from C/O Desfosses, whom Plaintiff and Defendants have both listed as a potential witness. Also the report is relevant to explain the circumstances of LVN Bratton's examination of Plaintiff and to rebut Plaintiff's claims that the video interview on July 17, 2012 is false. Furthermore, the RVR contains a statement attributed to Plaintiff concerning the July 17, 2012 incident and could be used for impeachment purposes.

Defendants state that they do not intend to delve into the details of commitment offenses or the referral of the incident to the Fresno County District Attorney. However, they argue that they are entitled to use Plaintiff's discovery responses and deposition transcript to

///

show inconsistencies, and the issues in Plaintiff's other case, 1:13-cv-1013-SAB-PC (Edwards v. Desfosses), overlap with the issues in this case.

Defendants state that they do not intend to introduce photographs of Building A-2, where the alleged assault took place, and therefore Plaintiff's motion *in limine* as to the photos should be denied as moot.

Rule 609 of the Federal Rules of Evidence provides, in part:

> **(a)** **In General.** The following rules apply to attacking a witness's character for truthfulness by evidence of a criminal conviction:
>
> **(1)** for a crime that, in the convicting jurisdiction, was punishable by death or by imprisonment for more than one year, the evidence:
>
> **(A)** must be admitted, subject to Rule 403, in a civil case or in a criminal case in which the witness is not a defendant; and
>
> **(B)** must be admitted in a criminal case in which the witness is a defendant, if the probative value of the evidence outweighs its prejudicial effect to that defendant; and
>
> **(2)** for any crime regardless of the punishment, the evidence must be admitted if the court can readily determine that establishing the elements of the crime required proving — or the witness's admitting — a dishonest act or false statement.
>
> **(b)** **Limit on Using the Evidence After 10 Years.** This subdivision (b) applies if more than 10 years have passed since the witness's conviction or release from confinement for it, whichever is later. Evidence of the conviction is admissible only if:
>
> **(1)** its probative value, supported by specific facts and circumstances, substantially outweighs its prejudicial effect; and
>
> **(2)** the proponent gives an adverse party reasonable written notice of the intent to use it so that the party has a fair opportunity to contest its use.

This motion *in limine* is granted in part and denied in part. The Court shall allow Defendants to introduce evidence of the fact that Plaintiff had one or more felony convictions

///

in the past ten years. However, evidence of the particular crimes for which Plaintiff was convicted is not allowed, as this evidence is more prejudicial than probative.

With respect to Rules Violation Reports, the Court found that they are generally excluded as evidence because they are an opinion based on a proceeding and are not evidence from a percipient witness, and they are also hearsay. Moreover, making conclusions about what happened and who was to blame to the extent relevant is the province of the jury.

Defendants argued that there are portions of the report that fall under hearsay objections, such as for impeachment or to refresh a recollection. The Court ruled that it will reserve its ruling on such limited exceptions until trial on a question by question basis; however, the parties are cautioned not to refer to the Rules Violation Report until further ruling on a limited basis.

### 2. Motion to Add Evidence Against the Defendants

Plaintiff requests the Court to compel Defendants to turn over the video tape or recording of the cameras pointed directly at the A-Yard program office at PVSP on July 17, 2012. Plaintiff argues that Defendants have not allowed him to view the video, which would prove that defendant Bratton came and went from the office but not at the time reported by Bratton.

Plaintiff also brings a motion *in limine* requesting that the video be presented at trial (or before trial), so Plaintiff can determine if it is a true and authentic version. Plaintiff argues that Defendants were required to preserve the video recordings.

Defendants argue that the video recordings of the A-Yard program office sought by Plaintiff never existed, and to the extent Plaintiff's motion is a motion to compel, it is untimely. Defendants assert there were no video cameras located in areas to capture recordings of the A-Yard program office on July 17, 2012.

The Court denied both Plaintiff's motion to compel and related motion *in limine*, based on Defendants' assertion under oath that the A-Yard video sought by Plaintiff does not exist.

However, Defendants agreed to provide authenticated copies of existing video recordings made of Plaintiff from July 17, 2012 to August 21, 2012. Defendants shall provide

copies to the Litigation Coordinator at Corcoran State Prison, where Plaintiff is incarcerated, for Plaintiff's viewing.

### 3. Motion to Exclude Irrelevant Testimony of Defendant LVN Bratton

Plaintiff moves to exclude evidence of the telephone call that LVN Bratton made to RN Lewis on July 17, 2012, on the ground that there is no evidence that she did or did not make the call. Plaintiff argues that RN Lewis is the only one who should testify to the phone call, and that LVN Bratton should not be allowed to testify to what RN Lewis told her, because it is hearsay.

Defendants argue that LVN Bratton's testimony about her phone call to RN Lewis is not hearsay, because it is relevant to LVN Bratton's motives and state of mind when she encountered Plaintiff, which is relevant to the section 1983 standard that violation of the Eighth Amendment requires a prison official to show deliberate indifference. Defendants argue that LVN Bratton's statement is offered to demonstrate that it was made, rather than for the truth of the matter, and so is not hearsay.

The Court ruled that LVN Bratton is allowed to testify about what she did, even if there is no corroborating evidence, and Plaintiff may cross-examine her. The Court held that testimony about the telephone call is not hearsay, but falls under the hearsay exception in Rule 801(d)(1), which provides:

> **(d)** **Statements That Are Not Hearsay.** A statement that meets the following conditions is not hearsay:
>
> **(1)** **A Declarant-Witness's Prior Statement.** The declarant testifies and is subject to cross-examination about a prior statement, and the statement:
>
> **(A)** is inconsistent with the declarant's testimony and was given under penalty of perjury at a trial, hearing, or other proceeding or in a deposition;
>
> **(B)** is consistent with the declarant's testimony and is offered:
>
> **(i)** to rebut an express or implied charge that the declarant recently fabricated it or acted from a recent improper influence or motive in so testifying; or

          **(ii)**    to rehabilitate the declarant's credibility as a witness when attacked on another ground; or

    **(C)**    identifies a person as someone the declarant perceived earlier.

Fed. R. Evid. 801(d)(1). Thus, Plaintiff's motion *in limine* is denied.

Defendants questioned whether RN Lewis may be a witness at trial. The Court allowed it and also allowed Defendants to amend their witness list to include RN Lewis.

### 4. Plaintiff Seeks to Exclude Testimony and Medical Opinions as to Medical Diagnosis by Defendants' Expert Witness

Plaintiff argues that Dr. Barnett cannot look at a piece of paper from another physician and say why or why not the other physician prescribed medication, and cannot testify to what Dr. Wilson or Dr. Berard saw. Plaintiff argues that Dr. Barnett has no experience as an ophthalmologist and cannot testify about Plaintiff's injuries, how they occurred, or the effects on Plaintiff, nor does Dr. Barnett have expertise in pepper spray. Plaintiff also argues that Dr. Barnett will use his testimony to mislead the jury at trial.

Defendants argue that Dr. Barnett's testimony is admissible because he is a licensed physician with more than thirty years' experience in Family Medicine, Urgent Care, and Emergency Medicine. Dr. Barnett will testify that he has more than seven years of experience in providing healthcare for inmates incarcerated by CDCR, including inmates exposed to pepper spray and patients with eye complaints. Defendants argue that Dr. Barnett clearly possesses specialized knowledge and experience beyond the average layperson concerning the treatment of eye conditions including exposure to pepper spray, and is qualified as an expert in this field under Rule 702 of the Federal Rules of Evidence. Defendants argue that Dr. Barnett is entitled to review Plaintiff's medical file, interpret Plaintiff's medical records, and testify accordingly.

The Court ruled that Defendants' expert witness Dr. Barnett is allowed to testify and shall offer evidence of his expertise at trial, where the Court will determine if his medical training allows him to testify about pepper spray. Thus, this motion is resolved.

///

**5.    Plaintiff's Request for Issuance of Subpoena to Compel Dr. Berard to Appear as a Witness and Testify at Trial on Plaintiff's Behalf**

Plaintiff requests that Dr. Berard testify about his treatment of Plaintiff's eye problems relevant to this case.  Plaintiff asserts that Dr. Berard is an ophthalmologist, is aware that Plaintiff has glaucoma, and can explain the effects that pepper spray would have on a person with Plaintiff's condition.

The Court denied Plaintiff's request for issuance of a subpoena, based on Plaintiff's testimony that he cannot afford to pay the witness fees required to subpoena Dr. Berard to testify at trial.

**C.    Other Issues**

**1.    Depositions and Discovery Responses From Plaintiff's Other Case**

Under Rule 801(d)(2), the Court ruled that evidence from Plaintiff's other case in this court, 1:13-cv-0103-SAB-PC (<u>Edwards v. Desfosses</u>), shall not be allowed except under limited exceptions.  Rule 801(d)(2) provides:

> **(d)    Statements That Are Not Hearsay.** A statement that meets the following conditions is not hearsay:
>
> . . .
>
> **(2)    An Opposing Party's Statement.** The statement is offered against an opposing party and:
>
> **(A)**    was made by the party in an individual or representative capacity;
>
> **(B)**    is one the party manifested that it adopted or believed to be true;
>
> **(C)**    was made by a person whom the party authorized to make a statement on the subject;
>
> **(D)**    was made by the party's agent or employee on a matter within the scope of that relationship and while it existed; or
>
> **(E)**    was made by the party's coconspirator during and in furtherance of the conspiracy.

Fed. R. Evid. 801(d)(2).  The Court held that relevance will be strictly construed.  No questions about testimony from Plaintiff's other trial are permitted.  The parties may not divulge information about Plaintiff's other trial or reveal that Plaintiff lost the other trial, which is not relevant and would be prejudicial to Plaintiff.  Statements made by opposing parties in

11

deposition testimony and discovery responses in Plaintiff's other case may be admissible, to the extent that they are relevant to this case under Rule 801(d)(2). Plaintiff may not offer details or assign blame based on his other case, but may generally refer to an incident that led to him being pepper-sprayed.

### 2. Plaintiff's Trial Exhibits

Plaintiff seeks to add more trial exhibits. The Court allowed Plaintiff to submit a request to the Court, with the proposed exhibits attached for the Court's review or with explanation that Defendants are already in possession of them. To be considered by the Court, such request must be submitted promptly after the April 5, 2016 hearing.

## III. CONCLUSION

Based on the foregoing, IT IS HEREBY ORDERED that:

1. The parties' motions *in limine*, and other pending motions and requests, are RESOLVED by this order as discussed above; and

2. This case is set for jury trial on May 3, 2016 at 8:30 a.m. before Magistrate Judge Erica P. Grosjean.

IT IS SO ORDERED.

Dated: **April 20, 2016**           /s/ *Erica P. Grosjean*
                                    UNITED STATES MAGISTRATE JUDGE